UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RASHAUN CHAPPLE,

                                Plaintiff,

                 -against-

Police Officer JONATHAN BAEZ, Shield No. 5116, Police Officer MOBEEN YASIN, Shield No. 266696; Police Officer DANIEL WHITE, Shield No. 12223; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

15-CV-4732 (LDH)(VMS)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Rashaun Chapple ("plaintiff" or "Mr. Chapple") is a resident of Kings County in the City and State of New York.

8. At all times relevant defendants Police Officers Jonathan Baez ("Baez"), Mobeen Yasin ("Yasin"), and Daniel White ("White") were police officers, detectives or supervisors employed by the NYPD. At all times relevant herein, defendants Baez, Yasin, and White were acting as agents, servants and employees of defendant City of New York and the NYPD. Baez, Yasin, and White are sued in their individual capacity.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.     At all times relevant herein, all individual defendants were acting under color of state law.

**STATEMENT OF FACTS**

12.     At approximately 1:00 a.m. on May 20, 2015, plaintiff was in the vicinity of 21st Street between Mermaid Avenue and Surf Avenue in Brooklyn, New York.

13.     Plaintiff was walking towards a neighborhood bodega.

14.     Plaintiff saw a stranger being arrested. Plaintiff continued walking.

15.     Defendants ordered plaintiff to stop. Plaintiff complied.

16.     Plaintiff was ordered to lie down on the pavement as he was placed in handcuffs.

17.     Defendants, including Baez, Yasin, and White, searched plaintiff, finding neither contraband nor evidence of any crime.

18.     Plaintiff was taken to the precinct where he was subjected to numerous interrogations.

19.     After spending over a day at the precinct, plaintiff was taken to central booking.

20.     Ultimately, plaintiff was released form central booking without seeing a judge or having any charges lodged against him.

21. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## **FIRST CLAIM**
### 42 U.S.C. § 1983 Federal Civil Rights Violations

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

24. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York

City Police Department, all under the supervision of ranking officers of said department.

27.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM
### Unlawful Stop and Search

28.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

**30.**    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM
### FALSE ARREST

31.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Failure To Intervene

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

36. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

38. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

### FIFTH CLAIM
### DENIAL OF A CONSTITUTIONAL RIGHT TO FAIR TRIAL

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The individual defendants created false evidence against Plaintiff.

41. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

42. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   August 18, 2016
         New York, New York

                              /s
                              Robert Marinelli
                              305 Broadway, Suite 1001
                              New York, New York 10007
                              (212)822-1427

                              *Attorney for plaintiff*