

**ZACHARY W. CARTER**
*Corporation Counsel*

**The City of New York
LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**SHIRA SISKIND**
212-356-2414
Fax: 212-356-3509
ssiskind@law.nyc.gov

December 23, 2016

**BY ECF**
Honorable LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

           Re: <u>Rashaun Chapple v. Police Officer Jonathan Baez, et al.</u>
              15 CV 4732-LDH-VMS

Your Honor:

      I am the attorney assigned to the defense of the above-referenced matter. Defendants submit this letter pursuant to the Court's December 2, 2016 Order to request a pre-motion conference regarding defendants' anticipated summary judgment motion. The bases for defendants' anticipated motion are set forth below. Plaintiff alleges that on May 20, 2015, he was unlawfully stopped and searched by the defendants, falsely arrested, and deprived of his right to a fair trial. He also alleges a failure to intervene claim.

    **I.**    **Any Unlawful Stop and Search Claim Must be Dismissed.**

      An officer may make an investigative stop of an individual when the officer has "a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968). Here, as demonstrated in the proposed 56.1 statement attached, the officers had reasonable suspicion to stop plaintiff because two women approached the officers and informed them that two to three individuals, which included plaintiff, had a gun and that a gun had been pointed at them. Therefore the unlawful stop claim fails. Any unlawful search claim should be dismissed since a minimal pat down/frisk at the scene would be warranted under <u>Terry</u>, and any search at the precinct would have been lawful as a search incident to arrest (which was lawful as demonstrated below).

## II.     Plaintiff's False Arrest Claim Should be Dismissed.

"Probable cause is a complete defense to an action for false arrest brought under New York law or § 1983." Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012) (internal citation and quotation marks omitted). "Probable cause to arrest exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Figueroa v. Mazza, 825 F.3d 89, 99 (2d Cir. 2016) (quoting Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004)). The complaints made by the two women who approached the officers' car provided probable cause for the arrest. "An arresting officer advised of a crime by a person who claims to be the victim . . . has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995); see also Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000) ("'[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness.'" (quoting Miloslavsky v. AES Eng'g Soc'y, 808 F. Supp. 351, 355 (S.D.N.Y. 1992) aff'd, 993 F.2d 1534 (2d Cir. 1993)).

Here, there was ample probable cause to arrest plaintiff for multiple crimes based on the statements by the females. The officers had probable cause to arrest plaintiff for menacing in the second or third degrees in violation of Penal Law §§ 120.14(1) and 120.15 insofar as one of the women told the officers that a gun was pointed at them, attempted robbery in violation of Penal Law §§ 110.00/160.05, 110.00/160.10 and 110.00/160.15, insofar as the women told one of the officers that the men had attempted to rob them. Further, even if plaintiff claims that he did not point the gun at the women, or that he did not attempt to rob the women, the officers had probable cause to arrest plaintiff under the state law aiding and abetting provisions in Penal Law § 20.00 or for criminal facilitation under Penal Law § 115.00.

## III.    The Officers Are Entitled to Qualified Immunity

Even assuming, *arguendo*, that the officers did not have probable cause to arrest plaintiff, they are "shielded by qualified immunity in a false arrest case if arguable probable cause existed." Smith v. Cnty. of Nassau, 643 Fed. Appx. 28, 29-30 (2d Cir. 2016). A police officer has arguable probable cause "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Zalaski v. City of Hartford, 723 F.3d 382, 389, 390 (2d Cir. 2013) (internal quotation marks omitted). "Put another way, an arresting officer will find protection under the defense of qualified immunity unless 'no reasonably competent officer' could have concluded, based on the facts known at the time of arrest, that probable cause existed." Figueroa v. Mazza, 825 F.3d at 100 (quoting Malley v Briggs, 475 U.S. 335, 341 (1986)). And, put a third way, the inquiry is "whether any reasonable officer, out of the wide range of reasonable people who enforce the laws in this country, could have determined that the challenged action was lawful." Id. Here, as demonstrated above, it cannot be said that no reasonably competent officer could have concluded that probable cause existed to arrest plaintiff based on the statements given by the women.

### IV.     Plaintiff's Failure to Intervene Claim Fails.

Plaintiff's failure to intervene claim must be dismissed against all three officers because, as demonstrated above, there was no unlawful stop/search and no false arrest. Feinberg v. City of New York, No. 99 Civ. 12127, 2004 U.S. Dist. LEXIS 16098, 2004 WL 1824373, at *4 (S.D.N.Y. Aug. 13, 2004) ("If the Court determines that the officer's conduct did not violate a constitutional right, however, the analysis ends.") (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)); accord Foy v. City of New York, No. 03 Civ. 7318, 2004 U.S. Dist. LEXIS 18274, 2004 WL 2033074, at *3 (S.D.N.Y. Sep. 10, 2004). Even assuming, *arguendo*, that there was a constitutional violation, this claim fails with respect to Baez and White as they participated in plaintiff's stop/search and arrest, and may not be sued under a failure to intervene theory. See Jackson v. City of New York, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013) ("The Court has already concluded [that the two officers] both may be held liable under a theory of direct participation, therefore neither would be held liable for failure to intervene."). Additionally, Officer White cannot be held liable for failing to intervene to prevent plaintiff's unlawful stop/search or false arrest because he did not have an opportunity to intervene as he did not know what Baez and White were doing with plaintiff as he was focused on Harrison. Plaintiff's failure to intervene claim, therefore, must be dismissed.

### V.     The Denial of a Constitutional Right to a Fair Trial Fails

Peculiarly, plaintiff also alleges a fair trial claim against these three officers despite the fact he was not prosecuted. Absent a prosecution, plaintiff simply cannot demonstrate that he suffered any deprivation of liberty as a result of the creation and forwarding of false information to the prosecutor. See, Garnett v. Undercover Officer C0039, 838 F.3d 265, 277 (2d Cir. 2016). As such, this claim falls as well. Additionally, there is no claim against Yasin or White because they were not personally involved in the prosecution, i.e., did not speak to the prosecutor.

For the foregoing reasons, defendants intend to move for summary judgment on plaintiff's claims.

Defendants thank the Court for its time and consideration.

Respectfully submitted,

/s

Shira Siskind
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Magistrate Judge Scanlon (By ECF)
    Robert Marinelli, Esq. (By ECF)