**R O B E R T   M A R I N E L L I**
ATTORNEY AT LAW
305 BROADWAY, 14TH FLOOR
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

January 13, 2017

**BY ECF**
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Chapple v. City of New York, et al.*, 15 CV 4732 (LDH)(VMS)

Your Honor:

      I am the attorney for Plaintiff in the above-referenced action. I write to respond to defendants' December 23, 2016, pre-motion letter. Defendants seek to dismiss all of plaintiff's claims, to wit, unlawful stop and search, false arrest, failure to intervene, and denial of the right to a fair trial. Plaintiff argues that the record as discussed herein, and as plaintiff would like to brief at greater length if the Court finds that appropriate, presents a genuine issue of material fact such that summary judgment should be denied. Plaintiff consents to the dismissal of his denial of a right to a fair trial claim.

      Summary judgment is appropriate "only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Abdu—Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 465 (2d Cir. 2001); *see also* Fed. R. Civ. P. 56(a). "In determining whether there are genuine issues of material fact, [the court is] required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004) (internal quotation marks and citation omitted).

**I.   Unlawful Stop and Search**

      Defendants contend that reasonable suspicion to stop plaintiff existed based on alleged complaints by two or three homeless women that Mr. Chapple was with a group of men, some of whom had pointed guns at them. Defendants did not ask the women to identify plaintiff specifically on a witness report as someone who had been a part of the group at the relevant time, interview the women in any detail, or attempt to charge plaintiff with committing any offense against these women. The only proof that these allegations were made is defendants' self-serving testimony. Even if a jury believed these statements were made, it could determine that the officers' reliance on these statements lacked a credible basis for the reasons stated herein. Additionally, to the extent that defendants invoke the argument that summary judgment should be granted because this is a "complaining witness" case, on these facts it is not that simple. The law does not hold that the mere presence of a complaining witness dooms a false arrest case without more. For example, here, hearsay rules preclude the admissibility of complaining-witness statements that might support that resolution.

      Additionally, plaintiff was told that he was arrested because he was "in the vicinity," not

because of any eyewitness tip. Furthermore, plaintiff was ten to fifteen feet away from anyone else, and not part of any group.

Based on the differing accounts, there is an issue of fact as to whether the officers were justified in detaining and searching plaintiff. *Annan v. City of N.Y. Police Dep't*, No. 12-CV-2702 (CBA)(CLP), 2015 U.S. Dist. LEXIS 125123, at *15 (E.D.N.Y. Sep. 18, 2015); *Floyd v. City of New York*, 813 F. Supp. 2d 417, 445-46 (S.D.N.Y. 2011) (denying summary judgment on claim that stop and frisk violated Fourth Amendment where reasonableness of the search "turn[ed] on a credibility determination, which is beyond the purview of a court deciding a summary judgment motion").

## I. False Arrest

Where an arrest is made without a warrant, "a presumption arises that the plaintiff's arrest was unlawful." *Jenkins v. City of New York*, 478 F.3d 76, 88 (2d Cir. 2007). Defendants can rebut this presumption by demonstrating probable cause existed. *Little v. Massari*, 526 F. Supp. 2d 371, 374 (E.D.N.Y. 2007). *See Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 139 (2d Cir. 2010).

If the determination of whether an arresting officer had probable cause requires the resolution of disputed facts, the existence of probable cause is to be decided by a jury. *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997), cert. denied, 140 L. Ed. 2d 114, 118 S. Ct. 1051 (1998); *Richards v. City of New York*, No. 97 CIV. 7990 (MBM), 2003 U.S. Dist. LEXIS 8037, 2003 WL 21036365, at *18 (S.D.N.Y. May 7, 2003). For the same reasons plaintiff disputes the legality of his stop, defendants did not have probable cause to arrest him.

Additionally, it has long been established that when a description of a suspect could have applied to any number of persons and does not single out the person arrested, probable cause does not exist. *Jenkins v. City of N.Y.*, 478 F.3d 76, 90 (2d Cir. 2007); *Wong Sun v. United States*, 371 U.S. 471, 481, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963); *United States v. Jackson*, 652 F.2d 244, 247-48 (2d Cir. 1981); *United States v. Rosario*, 543 F.2d 6, 8 (2d Cir. 1976). In this matter, the alleged description of a group of men with guns was insufficient to arrest plaintiff as an accomplice in any purported robbery. *See Jackson*, 652 F.2d at 248; *Rosario*, 543 F.2d at 8; *Jenkins*, 478 F.3d at 90. Particularly when plaintiff was walking alone and his apparent affiliation with the group in question is disputed.

There are multiple disputes of material fact as to the pertinent events and the knowledge of defendants at the time of plaintiff's arrest. Crediting plaintiff's version, a reasonable fact-finder could determine that probable cause for arrest did not exist.

Even if the jury believed that the women approached the officers to make the original complaint, the surrounding circumstances call into doubt defendants' version of events and required further investigation. *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (noting that under New York law, "the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause"); *Oliveira v. Mayer*, 23 F.3d 642, 647 (2d Cir. 1994) (citing with approval the holding in *Be Vier v. Hucal*, 806 F.2d 123, 128 (7th Cir. 1986) that "[r]easonable avenues of investigation must be pursued [to establish probable cause]"). Accordingly, defendants cannot establish that there was probable cause for Plaintiff's arrest.

## II. Qualified Immunity

In assessing qualified immunity with respect to a false arrest claim, the Court must consider whether there was "arguable probable cause" to arrest under the particular facts and circumstances, i.e. whether "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010) (quoting *Walczyk v. Rio*, 496 F.3d 139, 163 (2d Cir. 2007)). If the officer's reasonableness depends on material issues of fact, then summary judgment is inappropriate. *See Jenkins*, 478 F.3d at 88. As explained above, there are numerous factual disputes relating to the reasonableness of the officers' conclusion that plaintiff was part of the group, for example. Under these circumstances, it cannot be said as a matter of law that defendants' conduct was constitutional.

## III. Failure to Intervene

Even if an officer does not directly participate in an unlawful arrest, the absence of probable cause can support a claim of liability for failure to intervene because "'all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.'" *Coggins v. Cty. of Nassau*, 988 F. Supp. 2d 231, 245 (E.D.N.Y. 2013), aff'd in part, appeal dismissed in part sub nom. *Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015), cert. denied, 135 S. Ct. 2335, 191 L. Ed. 2d 981 (2015) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)); *Duncan v. City of N.Y.*, No. 11-cv-3901 (ENV) (JO), 2016 U.S. Dist. LEXIS 136340, at *24 (E.D.N.Y. Sep. 29, 2016).

Without citing case law, Defendants claim that White cannot be held liable for failing to intervene because he was focused on arresting another person. This is a factual assertion that Plaintiff disputes, since White was close enough to see and hear plaintiff's arrest and therefore had an opportunity to intervene. "Whether an officer can be held liable on a failure to intervene theory is generally a question of fact for the jury to decide." *Decayette v. Goord*, 2009 U.S. Dist. LEXIS 134104, 2009 WL 1606753, at *8 (N.D.N.Y. June 8, 2009) (citing *Anderson*, 17 F.3d at 557 ("Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise.")).

Yours truly,

/s/

Robert Marinelli