UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x

RASHAUN CHAPPLE,

                      Plaintiff,

- against -

THE CITY OF NEW YORK, et al.,

                      Defendants.

------------------------------------------------------- x

**DEFENDANTS' RESPONSE TO PLAINTIFF'S "COUNTER-STATEMENT OF DISPUTED MATERIAL FACTS"**

15 CV 4732 (LDH) (VMS)

      Defendants Jonathan Baez, Mobeen Yasin and Daniel White by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, submit the following response to Plaintiff's statement of additional, purportedly material facts referred to by Plaintiff as "Plaintiff's Counter-Statement of Disputed Material Facts" ("Pl. 56.1") for purposes of this motion only:

      1. On May 20, 2015, at approximately 1:00 a.m. to 1:30 a.m., Chapple left his home at 2926 West 25th Street to go to the store located on 21st Street and Mermaid Avenue in Coney Island, Brooklyn, New York 11224. (Chapple Dep., Exhibit 1, at 18-20).

**Response: Undisputed.**

      2. Chapple was walking alone on Surf towards 21st Street. (Chapple Dep., Exhibit 1, at 21).

**Response: Undisputed.**

      3. While Chapple was walking, he ran into three or four young men from his neighborhood. Chapple knew one of these individuals, Sherod Harrison ("Harrison"). (Chapple Dep., Exhibit 1, at 22-25).

**Response: Partly Disputed. Undisputed that plaintiff was with other young men from his neighborhood, but disputed with respect to the exact number of individuals (Defendants' 56.1 Statement ¶ 7), and dispute that plaintiff only knew Sharod Harrison as he testified that he was familiar with a couple of the individuals (Chapple Dep., Exhibit A, 22:5-13).**

4. Chapple knew Harrison because he was friends with Harrison's older siblings. (Chapple Dep., Exhibit 1, at 27-28).

**Response: Undisputed.**

5. At no point did Chapple get closer than ten to fifteen from any of these individuals. (Baez Dep., Exhibit 2, at 38-43; Chapple Dep., Exhibit 1, at 30-32, 52-54, 57-58).

**Response: Undisputed, except note that the citations to Baez's deposition transcript and to pages 52-54 and 57-58 of Chapple's transcript relate to the distance between plaintiff and Harrison once the police were on the scene.**

6. Harrison and the other young men were all between the ages of 17 and 19. (Chapple Dep., Exhibit 1, at 22-25, 75). At the time of the incident, Chapple was approximately 34 or 35 (Chapple Dep., Exhibit 1, at 78-79).

**Response: Undisputed.**

7. Harrison and Chapple greeted each other from a distance. (Chapple Dep., Exhibit 1, at 29-30, 56-58).

**Response: Undisputed.**

8. During their brief interaction, Harrison and the group of young men continued walking ahead of Plaintiff. (Chapple Dep., Exhibit 1, at 29-30, 56-58; Sherod Harrison Deposition ("Harrison Dep., Exhibit 5") at 10).

**Response: Undisputed.**

9. Chapple did not interact with any women on his walk. (Chapple Dep., Exhibit 1, at 55).

**Response: Undisputed.**

10. Chapple began to step off of the sidewalk to cross the street, when two police cars drove the wrong way down the one-way street and approximately seven defendants jumped out of the cars. (Chapple Dep., Exhibit 1, at 29-37).

**Response: Partly Disputed.  There are only three individual defendants. (See caption).**

11. Two defendants, a taller and shorter officer, approached plaintiff (Chapple Dep., Exhibit 1, at 42). The defendants were later identified as Jonathan Baez and Daniel White (Baez Dep., Exhibit 2, at 34; White Dep., Exhibit 3, at 25-26).

**Response: Undisputed.**

12. The defendants told Chapple to freeze, put his hands up, and get on the floor. (Chapple Dep., Exhibit 1, at 42-45).

**Response: Undisputed.**

13. Chapple was fifteen feet away from Harrison when they were arrested. (Baez Dep., Exhibit 2, at 38-42; Harrison Dep., Exhibit 5, at 11; Chapple Dep., Exhibit 1, at 30-32, 52-54, 57-58).

**Response: Undisputed.**

14. Chapple complied with the defendants' orders and put his hands up. (Chapple Dep., Exhibit 1, at 45-47; White Dep., Exhibit 3, at 27).

**Response: Partly Disputed.  Admit that plaintiff eventually complied, but did not do so initially (Baez Dep., Exhibit E, 32:17-20; White Dep., Exhibit D, 24:25-25:17; 26:2-8; Chapple Dep., Exhibit A, 46:12-15).**

15. White frisked Chapple before he was placed in handcuffs. (White Dep., Exhibit 3, at 26-27). He did not find any contraband. (White Dep., Exhibit 3, at 27).

**Response: Undisputed.**

3

16. Chapple then followed the defendants' orders to get on the floor. At that point, his hands were pulled behind his back and he was handcuffed. (Chapple Dep., Exhibit 1, at 46-47; 50-61; Baez Dep., Exhibit 2, at 24-35; White Dep., Exhibit 3, at 27).

**Response: Undisputed.**

17. Baez frisked Chapple while he was on the floor. (Baez Dep., Exhibit 2, at 36). The defendants did not find any contraband on Chapple. (Baez Dep., Exhibit 2, at 36; Chapple Dep., Exhibit 1, at 78).

**Response: Undisputed.**

18. Chapple was told that he was being arrested because he was in the vicinity. (Chapple Dep., Exhibit 1, at 78).

**Response: Disputed. The officers did not tell Chapple why he was being arrested. (White Dep., Exhibit D, 25:23-26:3).**

19. Yasin recovered a firearm and drugs from Harrison (Mobeen Yasin ("Yasin Dep., Exhibit 4") at 50-51; Baez Dep., Exhibit 2, at 38-42; Harrison Dep., Exhibit 5, at 11; Chapple Dep., Exhibit 1, at 52-54).

**Response: Undisputed.**

20. One of the other young men on the scene had gotten away. (White Dep., Exhiibt 3, at 24; Chapple Dep., Exhibit 1, at 41-42).

**Response: Partly Disputed. Admit that one of the individuals that one of the women had pointed out as the individuals who pointed a gun at them walked across the street. (White Dep., Exhibit D, 24:20-24).**

21. At no point did Chapple hand a firearm or drugs to Harrison (Chapple Dep., Exhibit 1, at 78-79; Harrison Dep., Exhibit 5, at 11).

**Response: Undisputed.**

22. Harrison admits that the gun and drugs belonged solely to him. (Harrison Dep., Exhibit 5, at 11).

4

**Response: Undisputed.**

23. The defendants claim that they observed Chapple pass something to Harrison as the defendants were driving towards them.  (Baez Dep., Exhibit 2, at 28, 44, 83-84, 133; Yasin Dep., Exhibit 4, at 39-40; White Dep., Exhibit 3, at 21-23).

**Response: Undisputed.**

24. The defendants did not record these alleged observations in their memo book or in the arrest report.  (Baez Memobook, Exhibit 6, Yasin Memobook, Exhibit 7; White Memobook, Exhibit 8; Omniform Arrest Report, Exhibit 9).

**Response: Undisputed.**

25. In speaking to a representative from the Kings County District Attorney's defendant Baez did not claim that he saw plaintiff passing something to Harrison.  (Declined Prosecution Form, Exhibit 10).

**Response: Undisputed.**

26. Plaintiff was then taken to the precinct.  He was taken straight into an interrogation room.  (Chapple Dep., Exhibit 1, at 64-66).

**Response: Partly disputed.  Admit that plaintiff was taken to the precinct, but dispute that plaintiff was taken into an interrogation room.  (Yasin Dep., Exhibit B, 32:21-33:9; 34:13-16; 35:4-9).**

27. A detective questioned plaintiff for approximately 30 minutes.  (Chapple Dep., Exhibit 1, 67-69).  He did not receive Miranda warnings.  (Chapple Dep., Exhibit 1, at 69).

**Response: Undisputed.**

28.  At the precinct, Chapple asked Harrison what was going on, and he told plaintiff not to worry about it because plaintiff was not involved. (Chapple Dep., Exhibit 1, at 74-75).

5

**Response: Undisputed.**

29. Plaintiff was charged with possession of a firearm and the narcotics. (Chapple Dep., Exhibit 1, at 80; Omniform Arrest Report, Exhibit 9).

**Response: Disputed. Plaintiff was not charged with anything as he was not prosecuted. See ¶¶ 30, 31 below.**

30. Plaintiff was not charged with Robbery or with any crimes relating to the purported complainants. (Omniform Arrest Report, Exhibit 9).

**Response: Undisputed.**

31. Plaintiff was taken to central booking, and then to court, where he learned that he would be released because The District Attorney's Office declined to prosecute. (Chapple Dep., Exhibit 1, at 79-83; Declined Prosecution Form, Exhibit 10).

**Response: Undisputed.**

Dated: New York, New York
January 27, 2017

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
Tel:   (212) 356-2414
ssiskind@law.nyc.gov

/s/ Shira Siskind

By: _____
Shira Siskind
Assistant Corporation Counsel
Special Federal Litigation Division