UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RASHAUN CHAPPLE,

                             Plaintiff,

-against-

POLICE OFFICER JONATHAN BAEZ, SHIELD NO. 5116,
POLICE OFFICER MOBEEN YASIN, SHIELD NO. 266696,
POLICE OFFICER DANIEL WHITE, SHIELD NO. 12223; AND
JOHN AND JANE DOE 1 THROUGH 10, INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITIES (THE NAMES JOHN AND
JANE DOE BEING FICTITIOUS AS THE TRUE NAMES ARE
PRESENTLY UNKNOWN),

                             Defendants
------------------------------------------------------------------X

**JOINT PRE-TRIAL ORDER**

**15-CV-4732 (LDH) (VMS)**

## I. FULL CAPTION OF THE ACTION

<u>Rashaun Chapple v. Police Officer Jonathan Baez, Shield No. 5116; Police Officer Mobeen Yasin, Shield No. 266696; Police Officer Daniel White, Shield No. 12223; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious as the true names are presently unknown).</u>

## II. NAMES AND ADDRESSES OF TRIAL COUNSEL

*For Plaintiff:*
Robert Marinelli, Esq.
Christopher Wright, Esq.
Attorneys for Rashaun Chapple
Wright and Marinelli, LLP
305 Broadway Suite 1001
New York, NY 10007
Tel: (212) 822-1427
Fax: (212) 202-9646

*For Defendants:*
ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorneys for Defendants
    JONATHAN BAEZ, MOBEEN YASIN and DANIEL WHITE
100 Church Street
New York, NY 10007
Tel: (212) 356-2414
Fax: (212) 356-1148
ssiskind@law.nyc.gov

Shira Siskind
Assistant Corporation Counsel

### III. JURISDICTION

This Court has subject matter jurisdiction on the basis that the lawsuit presents a federal question, namely plaintiff's rights under 42 U.S.C. 1983, the Constitution and the 4th, and 14th Amendments.

### IV. CLAIMS AND DEFENSES

**Plaintiff's claims to be tried:**

1. Pursuant to 42 U.S.C. § 1983, federal civil rights violation
2. Pursuant to 42 U.S.C. § 1983, unlawful stop and search
3. Pursuant to 42 U.S.C. § 1983, false arrest
4. Pursuant to 42 U.S.C. § 1983, failure to intervene

**Defendants' Defenses:**

The officers had reasonable suspicion to stop and frisk plaintiff when some women informed them that certain individuals, including plaintiff, had guns, and that one of the men pointed a gun at them. Further, based on these statements there was probable cause to arrest plaintiff for various crimes including, for example, menacing in the second or third degrees in violation of Penal Law §§ 120.14(1) and 120.15 (as one of the women told the officers that a gun was pointed at them), attempted robbery in violation of Penal Law §§ 110.00/160.05, 110.00/160.10 and 110.00/160.15 (insofar as the women told one of the officers that the men had attempted to rob them). Further, even if plaintiff claims that he did not point the gun at the women, or that he did not attempt to rob the women, the officers had probable cause to arrest plaintiff under the state law aiding and abetting provisions in Penal Law § 20.00 or for criminal facilitation under Penal Law § 115.00. The officers also observed what appeared to be a transfer or exchange between plaintiff and another individual, Sharod Harrison prior to stopping plaintiff. Further, upon stopping the individuals, a gun and drugs were recovered from Harrison, and Harrison stated that plaintiff had put the gun and drugs in his pants when plaintiff saw the officers. This provided the officers with additional probable cause to arrest plaintiff, specifically, probable cause to arrest him for criminal possession of a weapon and drugs. Plaintiff's search at the precinct was incident to a lawful arrest. The failure to intervene claim must be dismissed, because there was no unlawful stop, frisk or arrest. Also, plaintiff's failure to intervene claim against Officer Yasin fails because he did not have an opportunity to intervene as he was dealing with Sharod Harrison, and as against the other defendants, this claim must be dismissed because White and Baez could not have intervened in their own allegedly unlawful actions. To the extent any denial of a constitutional right to a fair trial remains, any such claim must be dismissed because plaintiff was never prosecuted, and as against all of the defendants as none of them fabricated evidence. Moreover, as Baez was the only officer who spoke with someone from the District Attorney's Office, neither Officers White nor Yasin could have forwarded any fabricated evidence to the prosecutor. Plaintiff's general "federal civil rights violation" fails to state a claim and plaintiff should not be permitted to proceed to trial on such a "claim."

### V. DAMAGES

Plaintiff seeks compensatory and punitive damages and reasonable attorney's fees for the deprivation of liberty, emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation suffered as the result of defendants' constitutional violations.

## VI. JURY OR BENCH TRIAL

Both parties demand a trial by jury. The parties estimate that this trial will take about 2-3 days to complete, including jury selection.

## VII. CONSENT TO TRIAL BY MAGISTRATE JUDGE

The parties do not consent to trial by a Magistrate Judge.

## VIII. STIPULATIONS

None

## IX. WITNESSES

**Plaintiff's Witnesses:**[1]

1. Rashaun Chapple; will testify about the incident and any medical treatment;
2. Police Officer Jonathan Baez will testify about his incident with plaintiff;
3. Police Officer Mobeen Yasin; will testify about his incident with plaintiff;
4. Police Officer Daniel White; will testify about his incident with plaintiff;
5. Sharod Harrison will testify about his incident with plaintiff.

**Defendants' Witnesses:**

1. Officer Jonathan Baez, New York City Police Department, 140 58th Street, Brooklyn, New York, 11220, Suite 6B. Officer Baez will testify about the facts and circumstances surrounding plaintiff's arrest;

2. Officer Mobeen Yasin, New York City Police Department, 60th Precinct, 2951 West 8th Street, Brooklyn, New York 11224. Officer Yasin will testify about the facts and circumstances surrounding plaintiff's arrest;

3. Officer Daniel White, New York City Police Department, 60th Precinct, 2951 West 8th Street, Brooklyn, New York 11224. Officer White will testify about the facts and circumstances surrounding plaintiff's arrest;

4. Sergeant Frank Kish, Intel Unit, c/o NYPD. Sgt. Kish will testify about the facts and circumstances surrounding plaintiff's arrest;

5. Officer M. Giudice, New York City Police Department, 60th Precinct, 2951 West 8th Street, Brooklyn, New York 11224. Officer Giudice will testify about the positive field test report;

6. Det. Emilio Aponte, New York City Police Department, 60th Precinct Detective Squad, 2951 West 8th Street, Brooklyn, New York 11224. Det. Aponte will testify about the facts and circumstances of the attempted questioning of plaintiff, the questioning of Sharod Harrison, and Sharod's statement.

---

[1] Defendants reserve their right to call any witness listed by plaintiff.

**X.     DEPOSITION TESTIMONY**

**Plaintiff (case in chief):**

Plaintiffs do not intend to designate testimony in their case in chief, but reserve their right to use these materials if any witness becomes unavailable and for impeachment purposes.

**Defendants:**

Defendants do not intend to designate testimony in their case in chief, but reserve their right to use these materials if any witness becomes unavailable and for impeachment purposes.

**XI.     EXHIBITS**

**Plaintiff's Exhibits[2]**

| Exhibit No. | Bates No. | Doc Name/Type | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|
| 1 | DEF 6-7 | Sprint Report (5/20/15) | Rule 402, 403, 802, 901 Irrelevant, confusing, unduly prejudicial, hearsay, a waste of time, and authentication | The Sprint report will provide a chronology of events and is admissible pursuant to Rule 803(6) |
| 2 | DEF 16-17 | Omniform System – Complaints (5/20/15) | Rule 403, 802 Hearsay, a waste of time, cumulative | This document contains circumstances relating to the arrest as well as the officer's accounting of certain events. It is admissible either through authentication of Officer Baez or pursuant to Rule 803(6) |

---

[2] Defendants reserve their right to use any of the exhibits listed by plaintiff. Defendants also respectfully note that they object to plaintiff's exhibits under Federal Rules of Evidence 402 and 403 in part, because defendants have not yet seen plaintiff's proposed pre-marked exhibits and they are not all clearly described by Bates numbers, or otherwise. Further, although defendants obviously know how they intend to use certain exhibits at trial, they do not yet know how plaintiff intends to use those exhibits. Thus, until plaintiff attempts to admit the exhibits through a particular witness at trial, defendants cannot waive objections pursuant to Rules 402 and 403.

| 3 | DEF 21-23 | P.O. Baez's Memo Book | Rule 403, 802 Hearsay, a waste of time, cumulative | The officers contemporaneous notes are admissible either through authentication of Officer Baez or pursuant to Rule 803(6) |
| 4 | DEF 76-77 | Omniform System – Arrests (5/20/15) | Rule 403, 802 Hearsay, a waste of time, cumulative | This document contains circumstances relating to the arrest as well as the officer's accounting of certain events. It is admissible either through authentication of Officer Baez or pursuant to Rule 803(6) |
| 8 | DEF 136-138 | P.O Book Mobeen Yasin | Rule 403, 802 Hearsay, a waste of time, cumulative | The officers contemporaneous notes are admissible either through authentication of Officer Yasin or pursuant to Rule 803(6) |
| 13 | DEF | P.O. White's Memo Book | Rule 403, 802 Hearsay, a waste of time, cumulative | The officers contemporaneous notes are admissible either through authentication of Officer White or pursuant to Rule 803(6) |

Impeachment/Rebuttal Material

| Exhibit No. | Bates No. | Doc Name/Type | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|
| 1 | | Deposition transcript of Jonathan Baez | Rule 402, 403, 802. Although portions of this transcript may be admissible for impeachment purposes, defendants do not yet know which portions or how plaintiff will use this transcript, and therefore object to this exhibit to the extent that the portions to be introduced are irrelevant, | |

| Exhibit No. | Bates No. | Doc Name/Type | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|
| | | | cumulative, and/or constitute inadmissible hearsay. | |
| 2 | | Deposition Transcript Mobeen Yasim, | Rule 402, 403, 802. Although portions of this transcript may be admissible for impeachment purposes, defendants do not yet know which portions or how plaintiff will use this transcript, and therefore object to this exhibit to the extent that the portions to be introduced are irrelevant, cumulative, and/or constitute inadmissible hearsay. | |
| 3 | | Deposition Transcript of Daniel Baez | Rule 402, 403, 802. Although portions of this transcript may be admissible for impeachment purposes, defendants do not yet know which portions or how plaintiff will use this transcript, and therefore object to this exhibit to the extent that the portions to be introduced are irrelevant, cumulative, and/or constitute inadmissible hearsay. | |
| 4 | | Deposition Transcript of Sharod Harrison | Rule 402, 403, 802. Although portions of this transcript may be admissible for impeachment purposes, defendants do not yet know which portions or how plaintiff will use | |

| **Exhibit No.** | **Bates No.** | **Doc Name/Type** | **Defendants' Objections** | **Plaintiff's Response** |
|---|---|---|---|---|
| | | | this transcript, and therefore object to this exhibit to the extent that the portions to be introduced are irrelevant, cumulative, and/or constitute inadmissible hearsay. | |
| 5 | | Defendant's Responses to Plaintiff's Discovery Demands | Rules 402 and 403. Irrelevant, confusing and a waste of time as the responses were not verified by the individual defendants, but instead signed by defense counsel. | |
| 15 | DEF 24-25 | Declined Prosecution Sheet from Kings County District Attorney's Office | Rule 402, 403, 802 and 901. Because there is no malicious prosecution claim, this document has no relevance, the introduction of same would constitute a waste of time and confuse the jury by focusing their attention on the fact that the DA's Office declined to prosecute plaintiff. The fact that the DA's Office declined to prosecute plaintiff is irrelevant and unduly prejudicial to the defendants. | Plaintiff will only introduce this document if defendant testifies to facts inconsistent with what defendant told intake personnel at the district attorney's office. It is admissible under Rule 803 (6) or via testimony of the district attorney employee that the arresting officer spoke with. |

**Defendants' Exhibits**[3]

| Exhibit No. | Bates No. | Doc Name/Type | Plaintiff's Objections | Defendants' Response |
|---|---|---|---|---|
| A | DE000095-DE000097 | Property Clerk Invoice No. 3000517020, vouchering U.S. Currency | Rule 401, 402, 403, 802, 901 | The invoicing officer, Officer Baez, will be able to authenticate the property vouchers and its content (Rule 901(b)(1)); the document is relevant, and falls under Rule 803(6) and (8). |
| B | DE000098, DE000115-DE000116 | Property Clerk Invoice No. 3000516829, vouchering drugs | Rule 401, 402, 403, 802, 901 | The invoicing officer, Officer Baez, will be able to authenticate the property vouchers and its content (Rule 901(b)(1)); the document is relevant, and falls under Rule 803(6) and (8). |
| C | DE000099, DE000113-DE000114 | Property Clerk Invoice No. 3000516839, vouchering firearm and cartridge | Rule 401, 402, 403, 802, 901 | The invoicing officer, Officer Baez, will be able to authenticate the property vouchers and its content (Rule 901(b)(1)); the document is relevant, and falls under Rule 803(6) and (8). |
| D | DE000100-DE000102 | Property Clerk Invoice No. 3000516891, vouchering a piece of paper with a statement made by Sharod Harrison regarding the incident | Rule 401, 402, 403, 802, 901 | The invoicing officer, Officer Baez, will be able to authenticate the property vouchers and its content (Rule 901(b)(1)); the document is relevant, and falls under Rule 803(6) and (8). |
| E | DE000103-DE000104 | Property Clerk Invoice No. 3000516895, vouchering DVD | Rule 401 402, 403, 802, 901 | The invoicing officer, Officer Baez, will be able to authenticate the property vouchers and its content (Rule 901(b)(1)); the |

| Exhibit No. | Bates No. | Doc Name/Type | Plaintiff's Objections | Defendants' Response |
|---|---|---|---|---|
| | | | | document is relevant, and falls under Rule 803(6) and (8). |
| F | DE000118-DE000120 | Handwritten Statements of Sharod Harrison | Rule 402, 403, 802, 901 | This falls under hearsay exceptions Rule 803(1), and (6), (7), (8), and it can be authenticated through its author or Det. Aponte. |
| G | | Photograph of gun and drugs recovered | Rule 402, 403, 901 | Rule 803(5) and (6) and it can be authenticated by Officer Baez, who took the photograph. |
| H | | Firearm Vouchered under Invoice No. 3000516830 | Rule 402, 403, 802, 901 | Officer Baez will authenticate the gun as recovered from Sharod Harrison (Rule 901(b)(1)). |
| I | | Drugs Vouchered under Invoice No. 3000516829 | Rule 402, 403, 802, 901 | Officer Baez will authenticate the drugs as recovered from Sharod Harrison (Rule 901(b)(1)). |
| J | DE000086-DE000088 | Field Test Report | | |

Impeachment/Rebuttal Material

| Exhibit No. | Bates No. | Doc Name/Type | Plaintiff's Objections | Defendants' Response |
|---|---|---|---|---|
| K | DE000150 | Plaintiff's Arrest History | Rule 401, 402, 403 and 802 | Defendants only intend to use this exhibit if plaintiff opens the door to his arrest history by testifying about any emotional distress he experienced from this arrest. |
| L | | Plaintiff's Deposition Transcript, dated July 26, 2016 | Rule 402, 403, 802. Although portions of this transcript may be admissible for impeachment | Defendants only intend to use portions of the deposition transcript for impeachment purposes. |

| Exhibit No. | Bates No. | Doc Name/Type | Plaintiff's Objections | Defendants' Response |
|---|---|---|---|---|
|  |  |  | purposes, defendants do not yet know which portions or how plaintiff will use this transcript, and therefore object to this exhibit to the extent that the portions to be introduced are irrelevant, cumulative, and/or constitute inadmissible hearsay. |  |
| M |  | Sharod Harrison's Deposition Transcript, dated November 28, 2016 | Rule 402, 403, 802. Although portions of this transcript may be admissible for impeachment purposes, defendants do not yet know which portions or how plaintiff will use this transcript, and therefore object to this exhibit to the extent that the portions to be introduced are irrelevant, cumulative, and/or constitute inadmissible hearsay. | Defendants only intend to use portions of the deposition transcript for impeachment purposes. |

| Exhibit No. | Bates No. | Doc Name/Type | Plaintiff's Objections | Defendants' Response |
|---|---|---|---|---|
| N | | Plaintiff's Responses to Defendants' Interrogatories and Document Demands | Rule 402, 403, 802. Although portions of this transcript may be admissible for impeachment purposes, defendants do not yet know which portions or how plaintiff will use this transcript, and therefore object to this exhibit to the extent that the portions to be introduced are irrelevant, cumulative, and/or constitute inadmissible hearsay. | Defendants only intend to use this document for impeachment purposes. |
| O | | Complaint Dated August 12, 2015 | Rule 402, 403, 802. Although portions of this transcript may be admissible for impeachment purposes, defendants do not yet know which portions or how plaintiff will use this transcript, and therefore object to this exhibit to the extent that the portions to be introduced | Defendants only intend to use the Complaint for impeachment purposes. |

| Exhibit No. | Bates No. | Doc Name/Type | Plaintiff's Objections | Defendants' Response |
|---|---|---|---|---|
| | | | are irrelevant, cumulative, and/or constitute inadmissible hearsay. | |
| P | | First Amended Complaint, Dated February 5, 2016 | Rule 402, 403, 802.  Although portions of this transcript may be admissible for impeachment purposes, defendants do not yet know which portions or how plaintiff will use this transcript, and therefore object to this exhibit to the extent that the portions to be introduced are irrelevant, cumulative, and/or constitute inadmissible hearsay. | Defendants only intend to use the First Amended Complaint for impeachment purposes. |
| Q | | Second Amended Complaint, Dated September 1, 2016 | Rule 402, 403, 802.  Although portions of this transcript may be admissible for impeachment purposes, defendants do not yet know which portions or how plaintiff | Defendants only intend to use the Second Amended Complaint for impeachment purposes. |

| Exhibit No. | Bates No. | Doc Name/Type | Plaintiff's Objections | Defendants' Response |
|---|---|---|---|---|
| | | | will use this transcript, and therefore object to this exhibit to the extent that the portions to be introduced are irrelevant, cumulative, and/or constitute inadmissible hearsay. | |

Dated:   New York, New York
             February 15, 2017


/s/                                                               /s/
_____               _____
Robert Marinelli, Esq.                             Shira Siskind, Esq.
Attorney for Plaintiff                              Assistant Corporation Counsel
                                                              Attorney for Defendants


                                                              SO ORDERED


                                                              _____
                                                              HON. LESHANN DEARCY HALL, U.S.D.J.