15 CV 4732 (LDH) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RASHAUN CHAPPLE,

                                                            Plaintiffs,

                              -against-

P.O. BAEZ, et al.,

                                                            Defendants.

## DEFENDANTS' PRETRIAL SUBMISSIONS CONCERNING MATTERS TO BE RESOLVED *IN LIMINE*

### *ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:  Shira Siskind*
*Tel:  (212) 356-2414*
*Matter No. 2015-039013*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ...........................................................................................1

POINT I

THE CITY OF NEW YORK SHOULD BE REMOVED FROM THE CAPTION, AND PLAINTIFF SHOULD BE PREVENTED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS"...............................................2

A. THE COURT SHOULD REMOVE THE CITY FROM THE CAPTION ...................................................................................................2

B. PLAINTIFF SHOULD BE PREVENTED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS".....................................2

POINT II

PLAINTIFF SHOULD NOT BE PERMITTED TO ELICIT TESTIMONY OR TO SUGGEST THAT THE INDIVIDUAL DEFENDANTS WILL BE INDEMNIFIED BY THE CITY OF NEW YORK ....................................3

POINT III

PLAINTIFF SHOULD BE PRECLUDED FROM SUGGESTING A DOLLAR AMOUNT TO THE JURY................................................................................................ 5

POINT IV

PLAINTIFF SHOULD BE PRECLUDED FROM INQUIRING INTO POLICE OFFICERS' DISCIPLINARY HISTORIES .............................................................6

POINT V

PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THE NEW YORK CITY POLICE DEPARTMENT PATROL GUIDE.........................................................7

POINT VI

PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING ABOUT ANY MEDICAL TREATMENT HE RECEIVED ...........................................................9

CONCLUSION.................................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

Banks v. Yokemick,
  144 F. Supp. 2d 272 (S.D.N.Y 2002)......................................................................................4

Consorti v. Armstrong World Indus.,
  72 F.3d 1003 (2d Cir. 1995).................................................................................................5

Edwards v. City of New York,
  08 CV 2199, 2011 U.S. Dist. LEXIS 75300 (E.D.N.Y. July 13, 2011) ...................................4

Galapo v. City of New York,
  95 N.Y.2d 568 (N.Y. 2000) ...................................................................................................8

Hernandez v. Kelly,
  09 Civ. 1576 (TLM) (LB), 2011 U.S. Dist. LEXIS 57114 (E.D.N.Y. May 27,
  2011) ..................................................................................................................................2, 4

Huddleston v. United States,
  485 U.S. 681, 108 S. Ct. 1496 (1988).....................................................................................6

Jean-Laurent v. Hennessy,
  840 F. Supp. 2d 529 (E.D.N.Y. 2011) ...................................................................................4

Jean-Laurent v. Wilkinson,
  05 CV 0583 (VM), 2009 U.S. Dist. LEXIS 20472 (S.D.N.Y. Mar. 13, 2009)....................2, 4

Larez v. Holcomb,
  16 F.3d 1513 (9th Cir. 1994) .................................................................................................3

Lawson v. Trowbridge,
  153 F.3d 368 (7th Cir. 1998) .................................................................................................3

Lombardo v. Stone, et al.,
  99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267 (S.D.N.Y. 2002) ......................................6

Mileski v. Long Island R.R.,
  499 F.2d 1169 (2d Cir. 1974).................................................................................................5

Phillips v. City of New York,
  871 F. Supp. 2d 200 (E.D.N.Y 2012) .....................................................................................5

Romero v. County of Lake,
    60 F.3d 702 (10th Cir. 1995) ...........................................................................................8

Smith v. Freland,
    954 F.2d 343 (6th Cir. 1992) ...........................................................................................7

Williams v. McCarthy,
    2007 U.S. Dist. LEXIS 79151 (S.D.N.Y. Oct. 25, 2007) ...................................2, 3, 4

**Statutes**

General Municipal Law § 50(k)...........................................................................................4

N.Y. GEN. MUN. L. §§ 50-k(3)-(4)....................................................................................4

iv

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------- x

RASHAUN CHAPPLE,

                              Plaintiff,

         -against-

P.O. BAEZ, et al.,

                              Defendants.

---------------------------------------------------- x

**DEFENDANTS' PRETRIAL SUBMISSIONS CONCERNING MATTERS TO BE RESOLVED *IN LIMINE***

15 CV 4732 (LDH) (VMS)

## PRELIMINARY STATEMENT

Plaintiff Rashaun Chapple brings this action against defendants Jonathan Baez, Mobeen Yasin and Daniel White alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983.  Specifically, plaintiff alleges that he was unlawfully stopped, falsely arrest, and that excessive force was used on him by the defendant officers on or about May 20, 2015.

Trial is scheduled to commence before this Court on December 4, 2017. Defendants, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in support of their motion seeking the following *in limine* relief: (1) plaintiff should be precluded from referring to defense counsel as "City Attorneys"; (2) plaintiff should not be permitted to elicit testimony or to suggest that the individual defendants will be indemnified by the City; (3) plaintiff should be precluded from suggesting a dollar amount to the jury; (4) plaintiff should be precluded from inquiring into police officers' disciplinary histories; (5) plaintiff should be precluded from mentioning the New York City Police Department's Patrol Guide; (6) plaintiff should be precluded from testifying to any medical treatment he received as a result of this incident.

## POINT I

**THE CITY OF NEW YORK SHOULD BE REMOVED FROM THE CAPTION, AND PLAINTIFF SHOULD BE PREVENTED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS"**

**A.      The Court Should Remove The City From The Caption.**

Defendants respectfully request that the Court remove the City of New York from the caption.  Plaintiff does not have any claims against the City of New York, and it is therefore unduly prejudicial to defendants for the City to remain in the caption.

Also, if the City is left in the caption, the jury may be led to assume that the City will pay any damages award against the defendant officers, which would be unduly prejudicial to the officers' defense of the claims against them in their individual capacities, as set forth further below.  As such, defendants respectfully request that the Court remove the City of New York from the caption.

**B.      Plaintiff Should be Prevented from Referring to Defense Counsel as "City Attorneys."**

It would be unduly prejudicial to the defendants if plaintiff were permitted to inform the jury that defendants' attorneys are "City attorneys."  This may lead a jury to conclude that the individual officers will be indemnified by the City, and the jury will not carefully assess liability or damages.  See Jean-Laurent v. Wilkinson, 05 CV 0583 (VM), 2009 U.S. Dist. LEXIS 20472, at *45-*46 (S.D.N.Y. Mar. 13, 2009) (precluding plaintiff from referring to defendants' counsel as "City attorneys"); Hernandez v. Kelly, 09 Civ. 1576 (TLM) (LB), 2011 U.S. Dist. LEXIS 57114, at *17-*18 (E.D.N.Y. May 27, 2011) (plaintiff precluded from referring to the City and to refer to defense counsel as attorneys from the Office of the Corporation Counsel); Williams v. McCarthy, 2007 U.S. Dist. LEXIS 79151, at *23-*25 (S.D.N.Y. Oct. 25, 2007).

Defendants seek the same introduction and identification of defense counsel to the jury as was made during the trial in <u>Williams</u>, and respectfully request that plaintiff be precluded from referring to defense counsel as "City attorneys."

<u>**POINT II**</u>

**PLAINTIFF SHOULD NOT BE PERMITTED TO ELICIT TESTIMONY OR TO SUGGEST THAT THE INDIVIDUAL DEFENDANTS WILL BE INDEMNIFIED BY THE CITY OF NEW YORK**

Plaintiff should not be permitted to present any evidence or argument to the jury regarding the City's potential obligation to indemnify the individual defendants pursuant to the General Municipal Law.  Such evidence or argument lacks any evidentiary value, would seriously prejudice the defendants, and is not admissible.  If the jury is permitted to assume that any verdict could potentially be paid out of the City's budget, and not by the individual officers, the jury may not make a careful effort to assess liability or to determine plaintiff's alleged damages.  Indeed, similar concerns motivated the drafters of the Federal Rules of Evidence to include Rule 411, which prohibits the admission of evidence of defendants' liability insurance. <u>See</u> FED. R. EVID. 411 Advisory Committee's Note ("More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds.").

"In the general case courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government - not the individual defendants - is footing the bill."  <u>Lawson v. Trowbridge</u>, 153 F.3d 368, 379 (7th Cir. 1998); <u>see also</u> <u>Larez v. Holcomb</u>, 16 F.3d 1513, 1518 (9th Cir. 1994) (holding that "evidence of insurance or other indemnification is not admissible on the issue of damages. . .").  Thus, courts

in the Eastern and Southern District of New York routinely preclude parties from mentioning the possibility of indemnification at trial.  See, e.g., Edwards v. City of New York, 08 CV 2199 (TLM), 2011 U.S. Dist. LEXIS 75300, at *14 (E.D.N.Y. July 13, 2011) ("Indemnification is not relevant to any issue before the jury and plaintiff will not be permitted to inform the jury that defendant might be indemnified by the City."); Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 550 (E.D.N.Y. 2011) (precluding plaintiff from mentioning City's potential indemnification of officers); Hernandez, 2011 U.S. Dist. LEXIS 57114, at *17 (same); Wilkinson, 2009 U.S. Dist. LEXIS 20472, at *8 (same); Williams v. McCarthy, 2007 U.S. Dist. LEXIS 79151, at *24-*25 (same) (citing cases).

Furthermore, a decision as to whether the City will indemnify the individual officers cannot be made until after the trial.  See N.Y. GEN. MUN. L. §§ 50-k(3)-(4).  Under General Municipal Law § 50(k) although the Corporation Counsel undertakes legal representation based on a finding that the employee's conduct satisfied the scope of employment standard, the City can still "withhold[ ] indemnification if a judgment determining the facts regarding the employee's acts or omissions declares otherwise."  Banks v. Yokemick, 144 F. Supp. 2d 272, 283 (S.D.N.Y 2002).  Thus, any evidence or testimony concerning any potential indemnification by the City would be unduly prejudicial.  Accordingly, plaintiff should be precluded from offering any evidence or testimony concerning the potential indemnification of the individual defendants by the City of New York.

## POINT III

### PLAINTIFF SHOULD BE PRECLUDED FROM SUGGESTING A DOLLAR AMOUNT TO THE JURY

Assuming that plaintiff proves he is entitled to damages, he should be precluded

from suggesting a specific dollar amount to the jury.  While the Second Circuit has not adopted a

flat prohibition of suggesting a specific dollar amount to the jury, it has emphasized that

specifying target amounts for the jury to award is disfavored.  See Phillips v. City of New York,

871 F. Supp. 2d 200, 208 (E.D.N.Y 2012) (citing Consorti v. Armstrong World Indus., 72 F.3d

1003, 1016 (2d Cir. 1995), vacated on other grounds, 116 S. Ct. 2576 (1996)).  Such suggestions

unlawfully anchor the jurors' expectations of a fair award at a place set by counsel, rather than

by the evidence.  Id.; see also Mileski v. Long Island R.R., 499 F.2d 1169, 1172 (2d Cir. 1974)

("A jury with little or no experience in such matters, rather than rely upon its own estimates and

reasoning, may give undue weight to the figures advanced by plaintiff's counsel . . .").  The

Court in Consorti went on to state:

> "A jury is likely to infer that counsel's choice of a particular
> number is backed by some authority or legal precedent.
> Specific proposals have a real potential to sway the jury
> unduly. . . . We encourage trial judges to bar such
> recommendations."

72 F.3d at 1016.  As such, plaintiff should be precluded from suggesting a specific dollar amount

to the jury during the opening statement, during the testimony of any witness, and/or during

summation.

5

## POINT IV

## PLAINTIFF SHOULD BE PRECLUDED FROM INQUIRING INTO POLICE OFFICERS' DISCIPLINARY HISTORIES

Plaintiff should be precluded from inquiring about any disciplinary histories and/or civil rights actions which have been filed against defendants Jonathan Baez, Mobeen Yasin and Daniel White as well as any non-party police officers who may testify because such questioning is in direct conflict with Federal Rule of Evidence 404(b). Rule 404(b) states that evidence of past acts "to prove the character of a person in order to show action in conformity therewith . . ." is inadmissible. Under Rule 404(b), evidence of past acts are only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ." However, evidence of prior bad acts is not automatically admissible simply because the proponent has articulated some not-for-character purpose.

As the Supreme Court held in Huddleston v. United States, 485 U.S. 681, 688, 108 S. Ct. 1496, 1500 (1988), the decision to admit evidence under Rule 404(b) also depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Thus, Rule 404(b) requires a two-part analysis: first, whether the proposed evidence fits within one of the "exceptions" provided by the Rule; and second, even if it does, a balancing test under Rule 403, of whether the evidence's probative value is substantially outweighed by the potential for jury confusion or prejudice. Lombardo v. Stone, et al., 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *8 (S.D.N.Y. 2002); see also Advisory Committee Notes to Fed. R. Evid. 404(b). Here, inquiry about any disciplinary histories, and other civil rights claims could not be used to establish any of the 404(b) exceptions because the

6

City of New York is not a defendant in this action, and thus, plaintiff has no claim for municipal liability.  Second, the potential for confusion or prejudice substantially outweighs any probative value.  Applying these factors, plaintiff should be precluded from questioning the individual defendants as well as any non-party police officers who may testify regarding their disciplinary histories and/or other civil rights claims which have been filed against them.

<strong><u>POINT V</u></strong>

**PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THE NEW YORK CITY POLICE DEPARTMENT PATROL GUIDE**

Plaintiff should be precluded from referring to and offering any evidence of NYPD procedure or patrol guide provisions.  Alleged violations of NYPD procedure by the defendants is irrelevant to the determination of whether plaintiff's constitutional rights were violated.  This is especially true in this case where there is no evidence in the record to establish that any of the defendants violated NYPD procedure pertaining to their interaction with plaintiff.  Thus, any NYPD procedure or patrol guide provision should be precluded pursuant to FED. R. EVID. 402 and 403.

First, the standards set forth as per NYPD procedure are merely guidelines established by the New York City Police Department, and are not the standards of the United States Constitution.  In light of plaintiff's claims that his constitutional rights were violated, any NYPD guidelines, whether or not followed to the letter, are irrelevant to the determination of whether plaintiff's constitutional rights were violated.  See Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992) ("[u]nder § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force.  A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to

increased liability under § 1983"); <u>Romero v. County of Lake</u>, 60 F.3d 702, 705 (10th Cir. 1995) ("violations of state law and police procedure generally do not give rise to a 1983 claim"); <u>see also</u> <u>Galapo v. City of New York</u>, 95 N.Y.2d 568, 574-75 (N.Y. 2000) (NYPD Patrol Guide should be excluded from evidence because it does not create legal duties).   Since NYPD procedure does not create legal duties, it is irrelevant to the determination of whether plaintiff's constitutional rights were violated and should therefore be precluded under FED. R. EVID. 402.

Second, any reference to alleged "violations" of NYPD procedure, meaning that defendants Jonathan Baez, Mobeen Yasin, and Daniel White did not follow the exact guidelines, would only confuse the jury.   The jury will be called upon to determine whether defendants Baez, Yasin and White violated plaintiff's constitutional rights, which is to be evaluated by the jury under the Fourth Amendment standard.   If the jury is presented with the proffered portions of NYPD procedure, it is likely to wrongly assume that NYPD procedure sets out the standard by which they are to evaluate defendants Baez, Yasin and White's alleged unconstitutional actions, notwithstanding a contrary instruction from the Court.   It is certainly in the realm of possibility that an officer could follow NYPD procedure and still violate an individual's constitutional rights or not follow NYPD procedure and not violate an individual's rights.   Therefore, any reference to alleged "violations" of NYPD procedure is irrelevant, unfairly prejudicial, and would only confuse the issues and the jury.   Accordingly, the Patrol Guide should therefore be precluded pursuant to FED. R. EVID. 402 and 403.

## POINT VI

## PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING ABOUT ANY MEDICAL TREATMENT HE RECEIVED

Plaintiff should be precluded from testifying about any alleged medical treatment he received for his alleged injuries.  In the JPTO, plaintiff indicated that he would be testifying about his "medical treatment."  However, plaintiff failed to provide defendants with any medical authorizations relating to any alleged injuries and did not identify any treating physicians in his Response to Defendants' First Set of Interrogatories and Request for Production of Documents. See, e.g., Siskind Decl., Exhibit A, Response and Objection to Interrogatory Request No. 4, and Response and Objection to Document Request No. 11.  Furthermore, plaintiff does not have a cause of action for excessive force.  Testimony about medical treatment, therefore, has no bearing on the remaining causes of action to be tried, namely unlawful stop and search and false arrest.  Accordingly, the Court should preclude any testimony related to plaintiff's medical treatment.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant

their motions in their entirety, together with such other and further relief as the Court deems just.

Dated:          New York, New York
                October 30, 2017

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2414


                                        By:              /s/


                                        _____
                                        Shira Siskind
                                        Assistant Corporation Counsel



cc:      Rob Marinelli, Esq. (by ECF)

10